## Murphy Estate

*G. Fred Steinrock*, for accountant.

*Frederick O. Brubaker*, for remainderman.

*Frederick J. Bertolet*, for Commonwealth.

MARX, P. J., July 18, 1952.—Emma N. Murphy died on March 20, 1950, leaving a last will and testament dated April 19, 1945, and a codicil thereto dated June 18, 1946, both duly probated in the office of the regis- of wills on November 21, 1950, in which she provided, inter alia, as follows:

"And as to my wordly estate, and all the property, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, I devise, bequeath and dispose thereof in the manner following, to wit: . . .

"Third: All the rest, residue and remainder of my estate, real, personal or mixed, I direct shall be immediately converted into money by my hereinafter named executrix, or her successor, and when my said estate has been converted into money, I give, devise and bequeath the entire residue of my estate to my niece, Marian O'Neill, of Reading, Pennsylvania, per stirpes. . . .

"I, Emma N. Murphy, the within-named testator, do hereby make and publish this codicil, to be added to my last will and testament, bearing date the 19th day of April, A. D. 1945, in the manner following to wit:

"I do revoke the "third" item of my said will wherein the residence of my estate is bequeath to Marian O'Neill, of Reading, Pennsylvania per stirpes, and do instead will and direct as follows, that after the conversion of my entire estate into money by my executrix or her successor including the sale of any real estate I am seized of.

"I give, devise and bequeath unto the Berks County Trust Company of Reading, Pennsylvania the entire residue of my estate, in trust nevertheless to pay over the net income thereof in quarterly or convenient payments unto my brother Gustav Newman, for and during the full term of his natural life and to make payments from the corpus, only for required medical at tention of my brother, at the sole discretion of my Trustee, and from and after the decease of my said brother Gustav to pay over, assign and convey the principal thereof to my niece, Marian O'Neill, per stirpes."

The occasion of the present account is the death of Gustav Newman, life beneficiary, on April 16, 1952,

and the consequent termination of the trust created for his benefit.

The accountant charges itself with the amount received from Marian O'Neill, executrix of the estate of Emma N. Murphy, deceased, $2,553.78. Against that amount it takes credit for disbursements made, and reports a balance due the estate of personalty principal of $2,339.09. At the audit the accountant asked and is allowed an additional credit of $1: Lester L. Posey, N. P.—acknowledgment to account—acknowledgment to proof of mailing notice of audit.

The account includes income of personal estate, showing a balance due the estate of $12.18. At the audit the accountant submitted to a surcharge of $12.18:

1952

| | | |
|---|---|---|
| Feb. 23 | Recd. accrued interest to 2-24-52 on purchase of $1,100 participation Samuel W. & Katharine L. Hettinger on 127 Lester Ave., Shillington, Pa...$ | .46 |
| Apr. 4 | Reading Hotel Corporation interest — 3 mos. to 4-1-52 @ 3¾% on $1,400 participation on N. W. corner 5th & Washington Sts., Reading, Pa..... | 11.72 |
| | | $12.18 |

and asked and is allowed the following additional credits:

1952

| | | |
|---|---|---|
| Feb. 11 | Paid cost certification of appraisal Reading Hotel Corporation | $ 1.00 |
| 11 | Paid accrued interest to 2-11-52 on purchase $1,400 participation in mortgage Reading Hotel Corporation | 5.83 |
| 21 | Paid cost certification of appraisal $1,100, participation Samuel W. & Katharine L. Hettinger mortgage | 1.00 |
| | Berks County Trust Company — commission on $6.35 @ 5% | .32 |
| | | $ 8.15 |

A claim was presented in behalf of the Commonwealth of Pennsylvania, in the sum of $1,628.70, for

the support, maintenance, medical care, nursing and supervision of Gustav Newman, life beneficiary, with limited right of consumption of principal, under the will of testatrix. The charges date from March 31, 1950, to April 16, 1952, and are made in accordance with the practices of the State hospital, charging and apportioning the total operating cost of the institution, and the services therein rendered, among all the patients. As supported by the testimony, the entire costs and charges are computed periodically by the Department of Revenue of the Commonwealth, and the aggregate is apportioned and charged against the estates of the patients. In no case are services rendered by the institution, the attending physicians, nurses and necessary attendants, charged individually and separately to individual patients, with a disregard of the general operating costs and charges. In a practical way we find the weekly cost for this patient, for instance, for 4 2/7 weeks immediately prior to April 30, 1950, adjusted at $13.7203 per week, or $58.80 for the period; and the like charges for the 4 3/7 weeks immediately preceding March 31, 1952, at $16.2427 per week, or a total for the period of $71.93. We find this method sufficient for the purposes, and correct under the law.

The objection to the claim arises from the fact that the will gives a life estate to Gustav Newman and further directs the trustee "to make payments from the corpus, only for required medical attention of my brother, at the sole discretion of my Trustee". The question is: Did the charges made represent charges for "required medical attention"? It is difficult to understand how mere medical attention or medication, without supervision, nursing, food and shelter would justify the conclusion that the patient was receiving "required medical attention". Without the others, the administering of medicines would be fruitless and of no benefit to the patient. We accordingly find in favor

of the Commonwealth and payment of the claim is decreed.

### Principal

Balance due estate, as appears by account
    filed,
Personalty—Principal, ................. $2,339.09
Additional credit, ...................... 1.00
$2,338.09

### Distribution

To Clerk of the Orphans' Court, Adjudication
    costs, .................................. $ 4.00
To Accountant, allowance to cover costs of
    entry of satisfaction of awards, ......... 1.00
5.00

$2,332.59

To Commonwealth of Pennsylvania,
    Department of Revenue, in full of claim,
    for medical care of Gustav Newman,
    ($1,628.70 less $16.21) ................ 1,612.49

$ 720.10
To Marian O'Neill, ....................... $ 720.10

### Income

Balance due estate, as appears by account
    filed, ................................. $ 12.18
Surcharge, ............................. 12.18

$ 24.36
Additional credit, ...................... 8.15

$ 16.21

### Distribution

To Commonwealth of Pennsylvania,
    Department of Revenue,
    a/c maintenance and care of Gustav New-
    man, now deceased, ................. $ 16.21

It is ordered and decreed that Berks County Trust Company, trustee for Gustav Newman et al., under the will, as aforesaid, do pay the distributions to the persons respectively entitled thereto.

And now, July 18, 1952, this adjudication is confirmed nisi; and in the absence of exceptions, filed within 10 days herefrom, such confirmation shall become absolute, as of course.